Aliousseyni DIA, Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, Respondent.

No. 07–3646–ag.

United States Court of Appeals, Second Circuit.

June 13, 2008.

62

Theodore Vialet, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Russell J.E. Verby, Senior Litigation Counsel, Charles E. Canter, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Aliousseyni Dia, a native and citizen of Mauritania, seeks review of the July 27, 2007 order of the BIA affirming the December 2, 2005 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aliousseyni Dia,* No. A98 415 375 (B.I.A. July 27, 2007), *aff'g* No. A98 415 375 (Immig. Ct. N.Y. City Dec. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

As an initial matter, because Dia failed to challenge before this Court the agency's denial of his CAT claim, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

Regarding Dia's asylum and withholding of removal claims, we find that substantial evidence supports the agency's adverse credibility determination. The multiple specific examples of material discrepancies between Dia's testimony and the record evidence provided sufficient bases on which the agency could conclude that he was not credible. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). Notably, while Dia failed to testify on direct or

cross examination that any member of his family had been killed in November 1989, his asylum application indicated that his daughter was killed, and his written statement indicated that his sister was killed (but did not include a reference to his daughter's alleged death). Although Dia offered an explanation for these discrepancies, no reasonable adjudicator would have been compelled to accept it. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

■ Because the adverse credibility determination did not preclude Dia from claiming a subjective fear of future persecution based on his race, the agency was required to analyze that alleged fear to determine if it was well-founded. *See Paul v. Gonzales,* 444 F.3d 148, 154 n. 5 (2d Cir.2006). Accordingly, the BIA made a separate finding that there was insufficient evidence to conclude that Dia possessed an objectively well-founded fear of future persecution. While there is certainly record evidence of racial discrimination in Mauritania, we cannot conclude, contrary to the BIA, that Dia faces a "discernable" chance of persecution on account of his race. *Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000). Moreover, we note that news reports in the record indicated that a coup in August 2005 ousted the government that had ruled Mauritania since 1984 (i.e., the government that allegedly harmed Dia and his family). *Cf. Qyteza v. Gonzales,* 437 F.3d 224, 228 n. 2 (2d Cir.2006). Ultimately, the agency's denial of Dia's asylum claim was not improper.

Because Dia was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his application for withholding of removal. *See Paul,* 444 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED.